IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STORAGE CONCEPTS, INC., a Nebraska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>INCONTRO HOLDINGS, L.L.C., a Nebraska limited liability company d/b/a/ CLOSET AND STORAGE CONCEPTS and CLOSETS UNLIMITED OF NEW JERSEY, INC. a New Jersey corporation,<br><br>Defendants. | ) | CASE NO. ____________<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Demand for Jury Trial at Omaha** |

COMES NOW the Plaintiff, Storage Concepts, Inc. ("SCI"), a Nebraska corporation, and for its Complaint against Defendants Incontro Holdings, L.L.C., a Nebraska limited liability company d/b/a "Closet and Storage Concepts" and Closets Unlimited of New Jersey, a New Jersey corporation (collectively, the "Defendants"), hereby states and alleges as follows:

**PARTIES**

1. SCI is a corporation incorporated under the laws of the State of Nebraska and with its sole office in Omaha, Douglas County, Nebraska.

2. Upon information and belief, Defendant Incontro Holdings, L.L.C. is a Nebraska limited liability company with an office in Omaha, Douglas County, Nebraska and doing business under the name "Closet and Storage Concepts."

3. Upon information and belief, Defendant Closets Unlimited of New Jersey, Inc. is a New Jersey corporation that has franchised the use of the name "Closet and Storage Concepts" in Nebraska.

**JURISDICTION AND VENUE**

4. This is an action for trade name and trademark infringement, unfair competition, and deceptive trademark practices arising under the Federal Trademark Act, 15 U.S.C. § 1051 *et seq.*, and the statutes and common law of the State of Nebraska, based on Defendants' unauthorized use of SCI's trade name and trademark

STORAGE CONCEPTS in connection with services that Defendants offer under the name CLOSET AND STORAGE CONCEPTS.

5. This Court has subject-matter jurisdiction over this lawsuit pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

6. This Court has personal jurisdiction over the parties to this lawsuit pursuant to Neb. Rev. Stat. § 25-536 because at all relevant times, all Defendants were transacting business in the State of Nebraska, and the events giving rise to SCI's cause of action occurred in the State of Nebraska.

7. Venue is proper in the United States District Court for the District of Nebraska pursuant to 28 U.S.C. §§ 1391(b) and (c).

**FACTUAL ALLEGATIONS**

8. SCI is in the business of designing, building, and installing custom closets, garage organizers, home offices, wine cellars and Murphy beds in the Omaha area.

9. SCI has been engaged in this line of business in the Omaha community since 1981.

10. SCI began using the name "Storage Concepts, Inc.," on March 15, 1986. A true and correct copy of the Articles of Amendment, as filed with the Nebraska Secretary of State, which reflect the adoption of this name, is attached hereto as Exhibit "A", and by this reference is made a part of this Complaint hereof.

11. For nearly thirty-five years, SCI has done business in Omaha under the name "Storage Concepts" or "Storage Concepts, Inc.," and has built up substantial reputation and goodwill under these names.

12. SCI is the owner of the World Wide Web URL address (domain name) of http://www.storageconceptsinc.com.

13. On or about December 6, 2019, SCI filed a trade name registration with respect to the name: "Storage Concepts" with the Nebraska Secretary of State. A true and correct copy of the Application for Registration of Trade Name, as filed with the Nebraska Secretary of State, is attached hereto as Exhibit "B", and by this reference is made a part of this Complaint hereof.

14. On or about July 1, 2019, Defendants began operating a substantially similar business to that of SCI, under the substantially and confusingly similar name of "Closet and Storage Concepts," in close proximity to SCI's location.

15. Upon information and belief, Defendants own the World Wide Web URL address (domain name) of http://www.closetandstorageconcepts.com.

16. By letters dated February 13, 2020, March 16, 2020, and April 17, 2020, Defendants were advised of SCI's rights in the STORAGE CONCEPTS name and mark, and demand was made to cease all use of CLOSET AND STORAGE CONCEPTS in connection with Defendants' services in the geographic locations in which SCI operates its business.

17. Defendants' use of a substantially similar name in connection with essentially identical services as SCI is likely to cause confusion, to cause mistake, and to deceive as to the origin, sponsorship, or approval by SCI of the services of Defendants.

18. Defendants, in their use of the trademark CLOSET AND STORAGE CONCEPTS in connection with its services and in its promotion of their services through use of that trademark on the Internet and elsewhere, has caused and is causing irreparable and immediate harm to the distinctive quality of SCI's STORAGE CONCEPTS trademark.

**COUNT I**
**Service Mark and Trademark Infringement**

19. SCI incorporates paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20. Notwithstanding SCI's superior rights in the STORAGE CONCEPTS mark by longstanding prior use of the mark, Defendants are currently marketing and selling CLOSET AND STORAGE CONCEPTS goods and services that are essentially the same goods and services provided by SCI under the STORAGE CONCEPTS mark.

21. Defendants have infringed SCI's trademark STORAGE CONCEPTS, in violation of 15 U.S.C. § 1125 (Lanham Act § 43), which imposes liability for the use in commerce of any word, term, or name which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, and/or association of Defendants

with SCI, and/or as to the origin, sponsorship, and/or approval of Defendants' CLOSET AND STORAGE CONCEPTS by SCI. Defendants' use further infringes SCI's rights in the STORAGE CONCEPTS service mark under Nebraska common law.

22. On information and belief, Defendants' adoption and continued use of the CLOSET AND STORAGE CONCEPTS name has been in knowing and willful disregard of SCI's rights.

23. SCI has been and continues to be directly damaged by Defendants' infringement of SCI's trademark.

24. Unless enjoined by this Court, Defendants will continue to infringe the STORAGE CONCEPTS mark, thereby deceiving the public and causing SCI to suffer immediate and irreparable injury, for which it has no adequate remedy at law.

**COUNT II**
**Unfair Competition**

25. SCI incorporates paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. Defendants have engaged and continue to engage in acts of unfair competition in violation of 15 U.S.C. § 1125 (Lanham Act § 43) and Nebraska common law.

27. Defendants' use of the CLOSET AND STORAGE CONCEPTS name in the manner alleged herein constitutes a false designation of origin within the meaning of 15 U.S.C. § 1125 (Lanham Act § 43), which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, and/or association of Defendants with SCI, and/or as to the origin, sponsorship, and/or approval of Defendants' CLOSET AND STORAGE CONCEPTS by SCI. Such false designation of origin is material and is likely to influence consumer purchasing decisions.

28. Defendants' use of the CLOSET AND STORAGE CONCEPTS name in the manner and in the geographic locations alleged herein unfairly trades and free-rides on the goodwill and reputation that SCI has developed in the STORAGE CONCEPTS mark and the goods and services associated therewith. Such conduct constitutes unfair competition and is causing SCI to suffer immediate and irreparable injury, for which it has no adequate remedy at law.

29. Further, SCI has no control over the nature and quality of the goods and services sold by Defendants under the CLOSET AND STORAGE CONCEPTS name. Any dissatisfaction with Defendants' CLOSET AND STORAGE CONCEPTS goods and services is likely to irreparably impair the goodwill and reputation associated with the STORAGE CONCEPTS mark that SCI has developed over the years.

30. On information and belief, Defendants' adoption and use of the CLOSET AND STORAGE CONCEPTS name has been in knowing and willful disregard of SCI's rights.

31. Unless enjoined by this Court, Defendants will continue to engage in acts of unfair competition, thereby deceiving the public and causing SCI to suffer immediate and irreparable injury, for which it has no adequate remedy at law.

**COUNT III**
**MISUSE OF TRADE NAME**

32. SCI incorporates paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33. Defendants have used, and are continuing to use, a trade name substantially and confusingly similar to SCI's registered and well-established trade name in connection with Defendants' (nearly identical) business without SCI's consent, in violation of Neb. Rev. Stat. § 87-216.

34. Defendants' use of CLOSET AND STORAGE CONCEPTS has caused, and will continue to cause, confusion, mistake, and deception among SCI's customers, potential customers, and other persons in Nebraska.

35. SCI is entitled to preliminary and permanent injunctive relief and damages attributable to Defendants' wrongful use of a confusingly similar trade name, including lost profits and reasonable attorney fees, under Neb. Rev. Stat. § 87-217.

**COUNT IV**
**DECEPTIVE TRADE PRACTICES**

36. SCI incorporates paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37. This is an action under the Nebraska Deceptive Trade Practices Act, Neb. Rev. Stat. §§ 87-301, *et seq.*

38. By using a name substantially and confusingly similar to SCI's registered trade name in connection with its business, the Defendants have caused and continue to cause confusion and misunderstanding as to the Defendants' affiliation, connection, or association with SCI.

39. Defendants' actions entitle SCI to preliminary and permanent injunctive relief and costs under Neb. Rev. Stat. § 87-303.

**COUNT V**
**INTERFERENCE WITH A BUSINESS RELATIONSHIP**

40. SCI incorporates paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41. By using a name substantially and confusingly similar to SCI's registered trade name in commerce, the Defendants are deceiving the members of the public, including current and potential customers, into believing that the Defendants' advertising is that of SCI. Through the improper and unlawful conduct, as set forth in this Complaint, the Defendants are interfering with SCI's business relationships with current and potential customers, suppliers, and the public generally.

42. Defendants' continued use of a confusingly similar name is causing SCI to lose business opportunities and is creating confusion and mistrust in the market place to the extent that the general public cannot distinguish between SCI and the Defendants.

43. SCI has been, is being, and will continue to be injured by Defendants' use of the name "Closet and Storage Concepts," and is therefore entitled to damages, plus costs incurred herein.

**PRAYER FOR RELIEF**

WHEREFORE, SCI respectfully prays that:

A. This Court enter judgment that Defendants have engaged in acts of trade name and trademark infringement in violation of 15 U.S.C. § 1125 (Lanham Act § 43), Neb. Rev. Stat. § 87-216, and at Nebraska common law; have engaged in acts of unfair competition in violation of 15 U.S.C. § 1125 (Lanham Act § 43), and Nebraska common law; have misused SCI's registered trade name in violation of Neb. Rev. Stat. § 87-216; have engaged in deceptive trade practices under the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301 *et seq.*; have unlawfully interfered with

SCI's business relationships; have otherwise injured SCI in the manner complained of herein; and that Defendants' actions in these regards have been willful.

B. The Court order that Defendants and each of their subsidiaries, agents, employees, sales representatives, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, be preliminarily and permanently enjoined from:

(i) using the CLOSET AND STORAGE CONCEPTS name or any other name, trademark, or service mark that incorporates or is confusingly similar to SCI's STORAGE CONCEPTS mark in the geographic location in which SCI operates;

(ii) otherwise infringing SCI's STORAGE CONCEPTS mark;

(iii) competing unfairly with SCI or otherwise injuring SCI in the manner complained of herein.

C. The Court order that Defendants be required to pay to SCI compensatory damages, with pre-judgment interest from the date of each violation or infringement, in an amount to be determined at trial for Defendants' acts of service mark and trademark infringement, unfair competition, deceptive trade practices, trade name misuse, and interference with a business relationship; that such damages be trebled in accordance with 15 U.S.C. § 1117(a) (Lanham Act § 35); and that post-judgment interest be awarded to SCI as provided by law.

D. The Court order that Defendants be required in equity to account for and pay to SCI the profits realized by Defendants which are attributable to its acts of service mark and trademark infringement, unfair competition, deceptive trade practices, trade name misuse, and interference with business relationships, and that said profits be trebled.

E. The Court order, pursuant to 15 U.S.C. § 1118 (Lanham Act § 36), that Defendants be directed to destroy all advertisements, literature, labels, signs, prints, packages, merchandise, decals, and other materials in its possession, custody, or control that bear or are labeled with the CLOSET AND STORAGE CONCEPTS name or that otherwise bear the STORAGE CONCEPTS mark that are located within the geographic location in which SCI operates.

F. The Court order that Defendants be required to pay to SCI the costs of this action and SCI's reasonable attorney fees, in accordance with 15 U.S.C. § 1117(a) (Lanham Act § 35), Neb. Rev. Stat. § 87-217, and the Nebraska Uniform Deceptive Trade Practices Act.

G. The Court order SCI be granted such other, different, and additional relief as this Court deems equitable and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Nebraska Local Civil Rule 38.1, SCI hereby demands trial by jury as to all issues so triable in this civil action and designates Omaha as the place of trial.

DATED this 26th day of October, 2020.

STORAGE CONCEPTS, INC., Plaintiff

BY: /s/ David C. Mullin

David C. Mullin, #21985
Katherine M. Matejka, #26362
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102-2663
Telephone: (402) 341-6000
Facsimile: (402) 341-8290
dmullin@fraserstryker.com
kmatejka@fraserstryker.com
ATTORNEYS FOR PLAINTIFF

2376769V8